ALBANY,<br>Oct. 1836.

The People<br>v.<br>Ring.

New trial denied.

---

THE PEOPLE, *ex relatione* GIBSON, *vs.* RING and others.

The sureties of a *sheriff* are liable for money received by him on an execution *after* the execution of their bond, although the process was received by him previous to the giving of the bond.

THIS was an action of *debt*, tried at the Allegany circuit in March, 1836, before the Hon. ADDISON GARDINER, one of the circuit judges.

The suit was on a bond given by Joseph Wilson, as sheriff of Allegany, and his sureties; it bore date 25th September, 1822, and after reciting that he was appointed sheriff on 4th February, 1822, was conditioned that he should well and faithfully in all things perform and execute the office of sheriff of the county of Allegany, during his continuance therein, by virtue of his said appointment. The plaintiff produced an exemplification of a judgment in his favor, against A. D'Autremont and M. Van Campen, and a *test. fi. fa.*, issued thereon, tested 6th May, 1822, returnable 18th May, 1822, directed to the sheriff of Allegany, and ordering $1297,82 to be levied, besides interest and costs, with a return endorsed thereon, signed by the sheriff, that he had levied and collected the amount thereof; which execution was returned and filed in the clerk's office on the 17th March, 1823. The plaintiffs offered to prove *that the money was paid to Wilson, after 25th September, 1822, and whilst he was sheriff* of Allegany, by virtue of the appointment recited in the bond; which evidence was objected to by the defendants, and rejected by the

judge, and the plaintiffs giving no further evidence, the judge ordered a *nonsuit* to be entered.   A motion was now made to set aside the nonsuit.

*B. Whiting*, for plaintiffs.

*R. Haight*, for defendants, insisted that the obligation of the sureties did not extend to process committed to the sheriff previous to the execution of the bond, nor to any acts of his in relation to such process, and contended that this very point was so decided in the case of *Andrus* v. *Waring*, 20 *Johns. R*. 166.   He also insisted that the plaintiffs should have shown a judgment and execution against the sheriff *unsatisfied*, and cited 18 *Johns. R*. 390.

*By the Court*, COWEN, J.   The objection that a *fi. fa.* against the sheriff returned unsatisfied should have been proved, was not raised at the trial.   Had it been, the objection might, for aught we know, have been obviated, if there is any thing in it.

The sheriff's surety bond was (in legal effect) no doubt prospective, viz. that he should (*after the date*) *well and faithfully in all things* perform and execute the office of sheriff during his continuance in office.   It certainly covered no acts which he had before done.   *Andrus* v. *Waring*, 20 *Johns. R*. 166.   It is equally clear, however, that it comprehended all acts which as sheriff he might afterwards do; among these was the receipt of the money on the execution. In *Andrus* v. *Waring*, the bond was in terms confined to *business that should come to the hands of the principal*. The evidence offered, therefore, to show the subsequent receipt of the money should not have been rejected.   In this the judge erred, and the nonsuit must, therefore, be set aside, and a new trial granted.